## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DIEGO RIVERA**, | **CIVIL ACTION** |
| Petitioner, | |
| *v.* | **NO. 20-3990-KSM** |
| **LAUREL HARRY, et al.**, | |
| Respondents. | |

## <u>MEMORANDUM</u>

**Marston, J.**                                                    **February 21, 2025**

 Following mandatory rules can lead to harsh results.  But this alone does not allow litigants, or the Court, to ignore such rules.  And here, a mandatory rule ties the Court's hands.  Petitioner Diego Rivera is serving a sentence of 30 to 60 years for third-degree murder, robbery, and other offenses.  (Doc. No. 1.)  In 2020, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction.  (*Id.*)  On September 30, 2024, the Court denied his petition with prejudice and without an evidentiary hearing.  (Doc. No. 48; Doc. No. 49.)  Petitioner's counsel did not file a timely notice of appeal, move for an extension of time to file a notice of appeal, or file any other document until December 23, 2024.[1]  Then, counsel

---

[1] The Court declined to issue Petitioner a certificate of appealability because he had "failed to make a 'substantial showing of the denial of a constitutional right' such that 'reasonable jurists could debate whether . . . the petition should have been resolved in a different manner.'"  (Doc. No. 48 at 27 n. 15 (quoting *Mathias v. Superintendent Frackville SCI*, 876 F.3d 462, 474 (3d Cir. 2017).)  Still, a timely appeal would have been construed as a request that the circuit judges issue the certificate.  *See* Fed. R. App. P. 22(b)(1) ("If the district judge has denied the certificate [of appealability], the applicant may request a circuit judge to issue it."); Fed. R. App. P. 22(b)(2) ("A request addressed to the court of appeals may be considered by a circuit judge or judges, as the court prescribes.  If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals.").

filed a motion under Federal Rule of Civil Procedure ("Civil Rule") 60(b), asking this Court to reenter its September 30 Order to reset Petitioner's time to file a notice of appeal.  (Doc. No. 50; Doc. No. 51.)  Because granting this motion would run afoul of Federal Rule of Appellate Procedure ("Appellate Rule") 4(a), the Court denies Petitioner's motion.

## I.    Background

On August 12, 2020, Petitioner filed a petition for writ of habeas corpus.  (Doc. No. 1.) This Court referred his petition to the Honorable Richard A. Lloret, United States Magistrate Judge, for a Report and Recommendation ("R&R").  (Doc. No. 3.)  Judge Lloret issued his R&R on May 10, 2021.  (Doc. No. 11.)  This Court approved the R&R in part but remanded the petition back to Judge Lloret to determine whether an evidentiary hearing should be held on Petitioner's two ineffective assistance of counsel claims.  (*See* Doc. No. 28.)

After the parties submitted additional briefing, Judge Lloret issued another R&R on August 31, 2023.  (Doc. No. 44.)  He recommended that this Court dismiss the entire petition with prejudice and without an evidentiary hearing.  (*See id.* at 27.)  After another round of objections, this Court approved and adopted the R&R, dismissed the petition with prejudice, and found no probable cause to issue a certificate of appealability.  (Doc. No. 48; Doc. No. 49.)

This Memorandum and accompanying Order were entered on September 30, 2024.  (*Id.*) The next day, the District Court clerk served electronic notice of the entry on Petitioner's counsel and recorded the service on the docket pursuant to Civil Rule 77(d).  (*See id.*)  Under 28 U.S.C. § 2107(a) and Appellate Rule 4(a)(1)(A), Petitioner had thirty days to appeal, which would have been October 31, 2024.  *See* Fed. R. App. P. 26(a) (explaining that when calculating dates in days, courts should "exclude the day of the event that triggers the period").  During this

time to appeal, Petitioner made no filings in this case.[2]

Then, on December 23, 2024, Petitioner filed two identical motions for relief from judgment.  (Doc. No. 50; Doc. No. 51.)  Although Petitioner moved under Civil Rule 60(b), the motion asked the Court only to "reissue the same Order to permit Mr. Rivera to file a timely notice of appeal."  (Doc. No. 50 at 1.)  Given this unusual request, the Court ordered Respondents to respond to Petitioner's motion.  (Doc. No. 52.)  In that Order, the Court directed Respondents to "discuss whether Federal Rule of Appellate Procedure 4(a) applies because the purpose of Petitioner's motion under Federal Rule of Civil Procedure 60(b) is to permit [him] to file a timely Notice of Appeal."  (*Id.* at 1.)

Respondents filed their response on January 28, 2025.  (Doc. No. 55.)  In their response, they agree that the Court could construe Petitioner's motion as one arising under Appellate Rule 4(a).  (*Id.* at 5–6.)  Respondents further argue that Petitioner has met that Rule because counsel did not receive notice of this Court's September 30 Order "due to missing the Court's electronic notice while receiving medical treatment for chronic conditions."  (*Id.* at 6.)  Respondents last argue that if the Court evaluates the motion under Civil Rule 60(b)(1), the Court must deny it because Petitioner's counsel did not act with excusable neglect.  (*Id.* at 7–8.)  The motion is now ripe for this Court's review.

## II.    Discussion

### A.    Civil Rule 60(b) cannot be used to circumvent Appellate Rule 4(a)

Petitioner has moved under Civil Rule 60(b) to ask the Court to vacate and reenter its September 30 Order for the sole purpose of reopening his time to file "a timely notice of appeal."

---

[2] The Court notes just two days after the Court issued its September 30 order, Petitioner's counsel filed a Civil Rule 60(b) motion in *Bryant v. Supt., SCI Fayette*, No. 2:21-CV-03075-JMG (E.D. Pa.) (Doc. No. 32) because she had failed to file a timely notice of appeal.  So, while Petitioner's counsel was inactive in this case during the time to appeal, she was active in other federal habeas cases.

(Doc. No. 50 at 4.)  This requested relief raises the issue of whether the Court can grant a motion under Civil Rule 60(b) when its sole purpose is to reopen the time to file a notice of appeal and when such an appeal would otherwise be barred by Appellate Rule 4(a).  As explained below, the Court concludes that it cannot.

Though Petitioner cites no case law that the Court has the power to reset the time to file an appeal, the Court is aware that another court in this District has granted a similar motion.  In *Bryant v. Supt., SCI Fayette*, No. 2:21-CV-03075-JMG, 2024 WL 4530290, at *1 (E.D. Pa. Oct. 18, 2024), a case also involving Petitioner's attorney, Cheryl Sturm, the court granted the petitioner's Civil Rule 60(b) motion and reentered an earlier order denying habeas relief in order to restart the time to file an appeal.  The court decided to "restart the clock due to [Petitioner's] attorney's excusable neglect" and did not consider Appellate Rule 4(a) "because his motion [did] not involve lack of notice."  *Id.* (internal quotations omitted).

Another court in this Circuit has also found that district courts have the power to reset the time to file an appeal by granting a Civil Rule 60(b) motion.  In *King v. Johnson*, No. CV 16-1620 (PGS), 2021 WL 2680177, at *2 (D.N.J. June 30, 2021), the court concluded that it could grant this type of relief when the petitioner's Civil Rule 60(b) "motion does not involve a lack of notice."  *Id.*  In support of this conclusion, the court cited a single Ninth Circuit decision—*Washington v. Ryan*, 833 F.3d 1087 (9th Cir. 2016).[3]  But even after reasoning that it had the

---

[3] The Court is aware that the Sixth and Seventh Circuits have also allowed courts to grant a Civil Rule 60(b) motion to reopen the time to file an appeal in exceptional circumstances.  *See Tanner v. Yukins*, 776 F.3d 434 (6th Cir. 2015) (holding that district courts have this power when "prison guards . . . deprive inmates of their right to appeal"); *Ramirez v. United States*, 799 F.3d 845 (7th Cir. 2015) (reaching the same conclusion based on attorney abandonment).  Likewise in *Washington v. Ryan*, 833 F.3d 1087 (9th Cir. 2016), the Ninth Circuit held that a district court should have granted a Civil Rule 60(b) motion when both court and attorney error led to the lapse of the time to file an appeal.  Even if the Third Circuit were to follow these decisions, the facts here, which amount to ordinary negligence by Petitioner's counsel, fail to rise to that level, and so the Court would still deny the requested relief.

4

power to grant the Civil Rule 60(b) motion, the *King* court declined to do so because petitioner had failed to show extraordinary circumstances that warranted relief. *Id.* at *3–4.

This Court respectfully disagrees with the conclusion reached by the courts in *Bryant* and *King*. The time to file an appeal is codified by 28 U.S.C. § 2107, which is "carr[ied] into practice" by Appellate Rule 4(a). *Bowles v. Russell,* 551 U.S. 205, 208 (2007). Under Supreme Court precedent, "the taking of an appeal within the prescribed time is mandatory and jurisdictional." *Id.* at 209 (internal quotations omitted). In light of *Bowles'* strict command, circuit courts have almost universally ruled that district courts cannot "vacate and re-enter the underlying judgment in order to restart the time to appeal" under Civil Rule 60(b) except for "a narrow exception . . . that may apply in the Sixth and Ninth Circuits." *Civil Cases—Extension of Time*, 16A Fed. Prac. & Proc. Juris. § 3950.3 (5th ed. 2024) (internal quotations omitted); *see, e.g.*, *Perez v. Stephens*, 745 F.3d 174, 181 (5th Cir. 2014) (concluding "that the district court lacked the power to circumvent the rules for timely appeals" by granting a Civil Rule 60(b)(6) motion so that petitioner could file a timely appeal); *Jackson v. Crosby*, 437 F.3d 1290, 1296 (11th Cir. 2006) (holding that a district court could not grant a Civil Rule 60(b) motion that "simply urged the district court to take whatever action would be sufficient to restart the filing period for a notice of appeal").

Third Circuit precedent also supports the conclusion that district courts lack the power to circumvent Appellate Rule 4(a) by granting a motion under Civil Rule 60(b). In *West v. Keve*, 721 F.2d 91 (3d Cir. 1983), the Third Circuit evaluated "whether the district court ha[d] properly used Rule 60(b), Federal Rules of Civil Procedure, to reinstate a previously issued final judgment solely for the purpose of giving appellant an extension of time within which to file a timely notice of appeal, when such an extension would be barred by [Appellate Rule] 4(a)." *Id.* at 92.

5

"[U]nder the general/specific canon of construction, the court found that [Appellate] Rule 4(a), not [Civil] Rule 60(b), controls the time to appeal, because [Appellate] Rule 4(a) is specific to the timing of appeals." *Washington*, 833 F.3d at 1110 (Bybee, J., dissenting) (analyzing *West*). Thus, the Third Circuit found that the district court's use of Rule 60(b) was improper and held that "because the avowed purpose of the Rule 60(b) motion . . . was to extend the time for appeal, it had to meet the time limitations of Rule 4(a)."[4]  *West*, 721 F.2d at 97.  More recently, the Third Circuit observed that "[i]t is well established that Rule 60 is not a proper vehicle for extending the time to file an appeal that has been rendered untimely by the expiration of the thirty-day time window provided by Rule 4(a)." *Cumberland Mut. Fire Ins. Co. v. Express Prods., Inc.*, 529 F. App'x 245, 249 (3d Cir. 2013).

In addition to this authority, the Court is persuaded by the reasoning of two other courts in this Circuit.  In *Lewis v. Blaine*, No. CIV.A. 02-1162 (JBS), 2005 WL 3536075, at *3 (D.N.J. Dec. 21, 2005), the district court explained that its "decision regarding a motion for relief from a judgment and order under Rule 60(b) when brought, as here, for no purpose but to induce the district court to vacate and reenter the underlying judgment and thereby re-start the time for a party to appeal, does not occur in a vacuum."  *Id.* (internal quotations omitted).  "Rather, the district court must consider the impact that relief under Rule 60(b) would have on other procedural rules such as [Appellate Rule] 4(a)(6) and [Civil Rule] 77(d)."  *Id.*  Likewise, in *Sallam v. Gilmore*, 2021 WL 1721860, at *1 (E.D. Pa. Apr. 30, 2021), the district court confronted a similar motion—also in the context of a habeas petition—and reasoned that

---

[4] The Third Circuit later "reaffirm[ed] *West*" but distinguished it on the grounds that the "sole stated purpose" of petitioner's motion was not "to extend the time for appeal." *Burkett v. Cunningham*, 826 F.2d 1208, 1216–17 (3d Cir. 1987) (internal quotations omitted), *abrogated on other grounds by Betterman v. Montana*, 578 U.S. 437 (2016).  Even if *Burkett* is still good law in light of the amendments to Appellate Rule 4(a) and the Supreme Court's decision in *Bowles*, it still does not apply because the "sole stated purpose" of Petitioner's motion is to extend the time for an appeal.  *Burkett*, 826 F.2d at 1217.

"[a]lthough Petitioner suggests that the Court may reinstate his appellate rights pursuant to [Civil Rule] 60(b), it cannot." *Id.*

***

In short, the Court finds that when a Civil Rule 60(b) motion is made for the sole purpose of reopening the time to file an appeal, it must satisfy Appellate Rule 4(a).

### B.    Granting Petitioner's motion would violate Appellate Rule 4(a)

Before assessing whether relief is warranted under Civil Rule 60(b), the Court must first assess whether granting Petitioner's requested relief would run afoul of Appellate Rule 4(a). Under this Rule, "the notice of appeal . . . must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1). Here, Petitioner did not file a notice of appeal within 30 days after entry of the Court's September 30 Order. So, this motion is untimely under Appellate Rule 4(a)(1).

Yet this does not end the inquiry because Appellate Rule 4(a) "provide[s] certain narrow exceptions to the 30-day time limit." *Sallam*, 2021 WL 1721860, at *2. One such exception is Appellate Rule 4(a)(5), which allows a district court to extend the time to file an appeal "if a party so moves no later than 30 days after the time prescribed by [Appellate] Rule 4(a) expires." Fed. R. App. P. 4(a)(5). But even if the Court were to construe Appellant's motion as a motion to extend time under Appellate Rule 4(a)(5), this exception does not apply. The deadline to move for an extension was December 2, 2024, and like the original deadline to appeal, this deadline passed without any filings from Petitioner.

Nor does Petitioner's motion satisfy Appellate Rule 4(a)(6). Under this Rule, a district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

7

     (1) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

     (2) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

     (3) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

Though Respondents assert that Petitioner can meet each element of this Rule, the Court disagrees. On October 1, 2024, "the District Court clerk served electronic notice of the [Order] and recorded the service on the docket pursuant to [Civil Rule] 77(d). Service was properly made under [Civil Rule] 5(b)(2)(E), as [Petitioner's counsel, Cheryl Sturm,] was a registered user of the CM/ECF system. . . . Thus, service was complete when the District Court clerk entered the [O]rder and served [Sturm] electronically on [October 1, 2024]." *Alston v. Nat'l Conf. of Bar Examiners*, 789 F. App'x 343, 345–46 (3d Cir. 2019). Twice in Petitioner's motion, counsel concedes that the final Order was emailed to her. (*See* Doc. No. 50 at 1 ("That document was emailed to counsel for Petitioner. . . . Although the Order was emailed to counsel, she did not see it before it was placed in the client's file.").) Though counsel alleges that she did not see or read this Order due to receiving treatment for a chronic illness, it does not follow that Petitioner did not receive notice of the final Order.[5] Thus, the Court finds that the first condition of Appellate Rule 4(a)(6) is not met because the moving party received notice within 21 days after the Order was entered. And because Petitioner's requested relief is barred by Appellate

---

[5] The Court has no doubt that Petitioner's counsel has been navigating difficult medical issues, but the Court notes that she has been receiving CM/ECF notifications and even filed a notice of appeal in another habeas case in this District for which she was the attorney of record. *See supra* n.2.

Rule 4(a), the Court must deny his motion.

**III.    Conclusion**

Though the Court is sympathetic to the harsh results of this ruling for Petitioner, this is an unavoidable consequence of following a mandatory rule.  An appropriate order follows.